IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR15 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| ANDREW J. OLMER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 51), the Defendant's motion for a "non guideline" sentence (Filing No. 52) and supporting brief (Filing No. 53).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections and motion for a non guideline sentence are out of time. The Amended Order on Sentencing Schedule (Filing No. 47) required that written objections to the presentence report be communicated to the probation officer by April 26, 2007.  The cover letter to the PSR indicates that there were no objections to the report. The Amended Sentencing Order also required that objections to the final version of the PSR be filed by July 23, 2007.  The Defendant's objections and motion were filed on September 18, 2007.  (Filing No. 51).

**Objections to PSR**

The objection to ¶ 13 is denied.  The Court is not at liberty to change the government's version of the offense.

The objections to ¶ 54 is denied. The matter in question does not affect the guideline range.

The objection to ¶ 59 is denied. The Court understands the *Booker* decision, and ¶ 59 correctly states the law.

The objection to ¶¶ 70 and 71 is denied. The Defendant argues that the Court may not order restitution to the IRS in a "tax case" unless the amount of unpaid taxes is undisputed or has been finally determined in a civil or administrative proceeding. The Defendant cites to *United States v. Nolen,* 472 F.3d 362, 382 (5th Cir. 2006), in which the defendant violated 26 U.S.C. § 7201. In deciding *Nolen,* the Fifth Circuit Court of Appeals stated:

> Restitution is not allowed under § 3663 as part of the sentence in a federal tax evasion case. Restitution to the IRS may be imposed as a condition of supervised release under § 3583, but only if "the specified sum of taxes . . . has [] been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings."

*Id.* at 382.

The *Nolen* decision discussed 18 U.S.C. § 3663, which does not relate the statute of conviction in the instant case, 26 U.S.C. § 7201. 18 U.S.C. § 3663(a)(1)(A). In the instant case, restitution is sought pursuant to 18 U.S.C. § 3663A, which requires mandatory restitution to victims of certain crimes in which an identifiable victim suffered a pecuniary loss. 18 U.S.C. § 3663A(c)(1)(B). Therefore, restitution may be ordered under § 3663A. *United States v. Hart,* 324 F.3d 575, 578 (8th Cir. 2003); *United States v. Brooks,* 174 F.3d 950, 954 (8th Cir. 1999); *United States v. Shyres,* 898 F.2d 647, 659 (8th Cir. 1990).

The plea agreement states that, although Counts II through IV are to be dismissed, they shall be considered as relevant conduct in determining the guideline range and restitution. However, a question arises whether restitution under § 3663A is limited to the count of conviction and that relevant conduct may not be included. *See United States v. DeRosier,* 2007 WL 2669436, at 6 (8th Cir. Sept. 13, 2007); *United States v. Carruth,* 418 F.3d 900, 902 (8th Cir. 2005). Therefore, referring to ¶ 15 of the PSR, it appears that under § 3663A in this criminal case restitution could be limited to $8,928.16, the amount relating to Count I, the count of conviction. Recovery by the IRS of the additional amounts in any other appropriate forum would not be precluded. This matter will be discussed at sentencing, and the Court would appreciate receiving copies of any pertinent legal authority cited in support of a party's position at the sentencing hearing.

The Defendant also argues that restitution should not be made directly to the IRS. As indicated in the sentencing recommendation, the restitution payment will be made to the Clerk, who will distribute the funds to the IRS.

***Motion for Non Guideline Sentence***

The motion will be addressed at sentencing.

IT IS ORDERED:

1.      The Defendant's Objections to the Presentence Investigation Report (Filing No. 51) are denied;

2.      The restitution amount will be discussed at sentencing;

3.      Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.       If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.       Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.       Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge